```
                 IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA


TAMARA GREEN,                        :    MISCELLANEOUS ACTION
                                     :    NO. 16-84
          Plaintiff,                 :
                                     :
     v.                              :
                                     :
WILLIAM H. COSBY, JR.,               :
                                     :
          Defendants.                :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                October 21, 2016

       This miscellaneous action[1] is an attempt to quash a subpoena served upon a third party in Green v. Cosby, a case in the District of Massachusetts. For the reasons that follow, the Court will transfer the matter to the District of Massachusetts.

I.   BACKGROUND

       This case arises out of a separate case in the District of Massachusetts, Green v. Cosby, No. 14-30211 ("the

---

[1] "The miscellaneous action is designed for proceedings that do not otherwise qualify as a civil action . . . ." Sellman v. United States, No. 12-mc-31, 2013 WL 6229172, at *2 (S.D. Ind. Dec. 2, 2013). Motions to quash subpoenas that were issued by other courts are frequently designated as miscellaneous actions.

Massachusetts action" or "Green I"). In that case, which was filed in December 2014, Plaintiffs Tamara Green, Therese Serignese, Linda Traitz, Louisa Moritz, Barbara Bowman, Joan Tarshis, and Angela Leslie[2] allege that Defendant William H. Cosby, Jr., sexually assaulted them and then defamed them in a number of public statements. The Massachusetts action is currently in the discovery phase.[3]

While the Massachusetts action was in the pleading stage, this Court lifted the interim seal on certain documents in Constand v. Cosby (No. 05-1099 in the Eastern District of Pennsylvania), which was litigated and settled a decade ago. See generally Constand v. Cosby, 112 F. Supp. 3d 308 (E.D. Pa. 2015), vacated, 833 F.3d 405 (3d Cir. 2016). Those documents included excerpts from Cosby's deposition testimony in that case. After the Court unsealed those documents, several entities and individuals – including counsel for Green in this case – apparently contacted Kaplan Leaman & Wolfe ("KLW"), a court reporting service, and obtained copies of the full deposition transcript. KLW's owner, Gregg Wolfe, later explained in an

---

[2] While all seven women remain plaintiffs in the Massachusetts action, Green is the only plaintiff in the case presently before this Court.

[3] At present, discovery in the Massachusetts action is scheduled to be completed by February 6, 2017. Green I ECF No. 389.

affidavit that he understood this Court's seal-lifting order to dissolve any confidentiality requirement concerning the deposition transcript, and that this interpretation was not attributable to anyone outside of KLW. See Mot. Quash Ex. 9, ECF No. 1-1.

Thereafter, the parties in the Massachusetts action engaged in several disputes related to the deposition transcript. Most importantly, for the purposes of this matter, on March 1, 2016, Cosby filed – in the Massachusetts action – a motion to seal his Constand v. Cosby deposition transcript, which Green and her fellow plaintiffs had disclosed that they possessed. Green I ECF No. 218. In that motion, Cosby argued that Green's counsel had committed misconduct in obtaining the deposition transcript, and therefore that the transcript should be sealed as a remedy. On April 11, 2016 – coincidentally, it seems, the same day the instant case was filed – the Massachusetts court denied Cosby's Motion to Seal, finding, among other things, that: (1) the full deposition transcript was never under seal in this Court; (2) Cosby had failed to substantiate his allegations of misconduct; (3) counsel for the plaintiffs obtained the deposition transcript outside the formal discovery process (by requesting it from KLW), such that a protective order would be inappropriate and potentially unconstitutional; and (4) the Constand confidentiality agreement

3

did not bind KLW. Green I ECF No. 307.

On April 7, 2016, Cosby served KLW with an amended subpoena issued from the District of Massachusetts, commanding KLW to appear and provide documents and testimony on April 14, 2016. On April 11, 2016, Plaintiff Tamara Green filed the instant miscellaneous action, which is a motion to quash that subpoena. ECF No. 1. Cosby responded on April 29 and also filed a motion to transfer this matter to the Massachusetts court. ECF No. 8. Green filed a response to the motion to transfer on May 12. ECF No. 12. KLW also filed its own statement of position as to both the motion to quash and the motion to transfer. ECF No. 11.

Throughout that time, pending before this Court was Cosby v. American Media, Inc. (No. 16-508), in which Cosby sought damages from various parties for alleged breaches of a confidential agreement he had entered into at the time he settled Constand v. Cosby. The release of the Constand v. Cosby deposition transcript was a central issue in that case and a representative for KLW would have been deposed, but Cosby voluntarily withdrew the case on July 28, 2016, just as discovery was beginning. Thus, the issue of the deposition of KLW is no longer before this Court. Accordingly, on August 1, 2016, the Court allowed the parties to file supplemental memorandums setting forth their positions as to how the Court

should proceed in this action, given Cosby's withdrawal of <u>Cosby v. American Media</u>. ECF No. 17. Cosby and Green both filed supplemental memorandums, ECF Nos. 19, 20, and the Motion to Quash and Motion to Transfer are now ripe for disposition.

**II.  DISCUSSION**

Federal Rule of Civil Procedure 26(b)(1) sets forth the scope of discovery, stating that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." This broad rule is limited in part by Rule 45(d)(3), which requires a court to quash or modify a subpoena that:

(i)   fails to allow a reasonable time to comply;

(ii)  requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv)  subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3).

In her Motion to Quash, Plaintiff argues that Cosby's subpoena of KLW is (1) "a pretext to investigate counsel for the Plaintiffs and counsel for Ms. Constand," and (2) "an attempt to discover evidence for use in the <u>AMI</u> action."[4] Mem. Support Mot. Quash 18-19, ECF No. 1. She contends that the release of Cosby's

---

[4] Again, Plaintiff filed this motion before Cosby withdrew <u>Cosby v. American Media</u>.

5

deposition transcript has nothing to do with the claims or defenses in the Massachusetts action, which is a defamation case, and thus that Cosby's continued efforts to investigate the circumstances under which Plaintiff obtained the transcript should be quashed as irrelevant.

Cosby argues first that Plaintiff lacks standing to quash this subpoena. He then contends that the Court should transfer this matter to the District of Massachusetts, or, in the alternative, that the Court should simply deny the Motion to Quash and allow Cosby to depose KLW.[5]

"Generally speaking, a party does not have standing to quash a subpoena served on a third party." Thomas v. Marina Assocs., 202 F.R.D. 433, 434 (E.D. Pa. 2001) (quoting Johnson v. Gmeinder, 191 F.R.D. 638, 640 n.2 (D. Kan. 2000)); see also 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (3d ed. 2016) ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action . . . ."). There is an exception, however, when the party "claims some personal right or privilege

---

[5] For its part, KLW states that it has no position with respect to the subpoena. KLW is prepared to comply with the subpoena should the Court deny the Motion to Quash, but would be "quite pleased" if the subpoena were quashed. KLW Resp. 2, ECF No. 11. KLW also notes that it does object to Cosby's assertion that KLW "improperly" released the deposition transcript, as there has been no judicial finding as to whether KLW acted properly or improperly.

in respect to the subject matter" of the subpoena. First Sealord Sur. v. Durkin & Devries Ins. Agency, 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013) (quoting Davis v. General Accident Ins. Co. of Am., No. 98-4736, 1999 WL 228944, at *2 (E.D. Pa. Apr. 15, 1999)); see also Thomas, 202 F.R.D. at 434 (a party has standing to quash a third-party subpoena if she has "an interest or a claim of privilege relating to" the information sought in the subpoena); Wright & Miller, supra, § 2463.1 ("Numerous cases have held that a party lacks standing to challenge a [third-party] subpoena absent a showing that the objecting party has a personal right or privilege regarding the subject matter of the subpoena.").

Plaintiff does not assert any privilege with respect to the information sought in this subpoena; the question is whether she has a "personal right" or "interest" in the subject matter of the subpoena. Examples of things that give parties such personal rights or interests include bank accounts, see ITOCHU Int'l, Inc. v. Devon Robotics, LLC, 303 F.R.D. 229, 232 (E.D. Pa. 2014) (plaintiff served subpoena upon third-party bank for records of bank accounts held by defendant); confidential settlement agreements, see First Sealord Sur., 918 F. Supp. 2d at 381-83 (plaintiff served subpoena upon third party for documents subject to a confidential settlement agreement between plaintiff and defendant); and protective orders, see Savant

7

Sys., LLC v. Crestron Elecs., Inc., No. 12-mc-51, 2012 WL 987404, at *2-3 (E.D. Pa. Mar. 22, 2012) (plaintiff served subpoena upon third party for documents that had been placed under a protective order).[6]

In this case, Cosby has made clear that the purpose of this subpoena is for him to obtain information about whether Plaintiff obtained the deposition transcript through misconduct and then use that information in his efforts to restrict Plaintiff's use of the deposition transcript. Plaintiff argues, then, that because the purpose of the subpoena is to investigate Plaintiff's actions and limit her use of the transcript in the Massachusetts action, she has a sufficient personal interest in the subject matter of the subpoena.

Ordinarily, the mere fact that a third-party subpoena seeks information about a party's conduct would likely not suffice to give that party a "personal interest" in the subject matter of the subpoena. If that were the case, the exception

---

[6] Plaintiff also cites In re Grand Jury, 111 F.3d 1066 (3d Cir. 1997), as another case involving a "personal interest" that affords standing to challenge a third-party subpoena. In that case, the Government subpoenaed a third party for tape recordings she had made of two individuals under grand jury investigation, and the individuals moved to quash that subpoena. The Third Circuit did find that they had standing to bring that motion – but the Third Circuit pointed to a federal wiretap statute explicitly affording them standing, and not to the "personal interest" exception that is at issue here, so In re Grand Jury is not relevant to the case at hand. See id. at 1070-76.

would undoubtedly swallow the rule, as presumably, many (if not most) third-party subpoenas seek information concerning one of the other parties in the case, or information through which one party might affect another party's position in the case. Cf. Norguard Ins. Co. v. Serveon Inc., No. 08-900, 2011 WL 344076, at *3 (D. Del. Jan. 28, 2011) ("Merely complaining that pre-trial discovery takes time and costs money cannot provide a sufficient basis to confer standing to quash a subpoena of a non-party, as such a grant of standing would eviscerate the general rule that a party does not have standing to challenge the subpoena of a non-party.").

Here, however, there has been a judicial determination – from a magistrate judge in the Massachusetts court – that there is no evidence Green and her counsel did anything wrong in obtaining the deposition transcript, and thus no reason to restrict the transcript's use. See Green I ECF No. 307. Under these circumstances – where a judicial ruling has potentially absolved Plaintiff of the alleged misconduct Cosby seeks to uncover through this subpoena – Plaintiff's interest in preventing further litigation over that conduct may suffice to provide her with a cognizable "personal interest" in the subject matter of the subpoena. If so, she may have standing to

challenge it.[7]

But the scope of that Massachusetts ruling is disputed. Green contends that the ruling necessarily forecloses further inquiries into her conduct, while Cosby argues that the ruling concerned only Cosby's failure to support his previous motion on this matter and does not prevent Cosby from launching other attempts to gather information about Green's potential role in the release of the deposition transcript. If Cosby is correct, then it seems likely that Green lacks standing to quash the subpoena at issue because she would have no cognizable personal interest in the subject of the subpoena.

The ruling itself is opaque on this matter and does not explicitly resolve this dispute. Because the Massachusetts court is in a far better position to interpret its own ruling, the Court will grant Cosby's motion to transfer the motion to quash to the District of Massachusetts.

Federal Rule of Civil Procedure 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents[8] or

---

[7] The Court offers no view on the underlying merits of the motion to quash.

[8] Here, KLW has not objected, but also has not consented.

if the court finds exceptional circumstances." The Rule 45 committee notes provide some guidance concerning the existence of "exceptional circumstances":

> In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f), advisory committee notes (2013 amendments).

The specific situation contemplated by the committee is the situation here: the issuing court "has already ruled on issues presented by" the motion to quash, id., and the scope of that ruling, whatever it may be, appears to have significant implications for the resolution of the motion. Therefore, "exceptional circumstances" exist, such that it is appropriate for this Court to transfer the motion to quash to the issuing court.

Moreover, now that Cosby has voluntarily withdrawn Cosby v. American Media, Inc., there are no issues pending

before this Court concerning the release of the deposition transcript, and therefore even fewer reasons for this Court to decide the motion to quash. Finally, because KLW – "the nonparty served with the subpoena" – did not file the motion to quash and takes no position on it, the concerns that favor transfer clearly outweigh KLW's interests "in obtaining local resolution of the motion." Id.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Cosby's motion to transfer this matter to the District of Massachusetts. An appropriate order follows.